**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANDREW MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| **v.** | ) | |
| | ) | |
| **SERGEANT GOSS, Star No. 2393,** | ) | |
| **P.O. HEIDEMANN, Star No. 16394,** | ) | |
| **Individually, and the CITY OF** | ) | |
| **CHICAGO, a Municipal Corporation,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT AT LAW**

Plaintiff, ANDREW MILLER, by and through his attorneys, C. Norris Law Group, LLC, complaining against members of the Chicago Police Department, SERGEANT GOSS, Star No. 2393, and P.O. HEIDEMANN, Star No. 16394, in their Individual Capacities, and the CITY OF CHICAGO, a Municipal Corporation, states the following:

**Parties**

1. Plaintiff, ANDREW MILLER, was at all relevant times a United States Citizen and resident of the State of Illinois.

2. Defendant Officers SERGEANT GOSS, Star No. 2393, and P.O. HEIDEMANN, Star No. 16394, were at all relevant times duly appointed members of the City of Chicago Police Department, acting within the scope of their employment and under color of law.

3. Defendant CITY OF CHICAGO and its police department were at all relevant times a statutory municipal corporation and the employer of the Defendant Officers.

1

**Jurisdiction & Venue**

4. This action is brought pursuant to the laws of the United States Constitution, specifically the Fourth and Fourteenth Amendments, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois.

5. This action is brought to redress deprivations of the Civil Rights of Plaintiff, ANDREW MILLER, accomplished by acts and/or omissions of Defendant Officers, SERGEANT GOSS, Star No. 2393, P.O. HEIDEMANN, Star No. 16394, and Defendant CITY OF CHICAGO, committed under color of law.

6. Jurisdiction is based on 28 U.S.C. §§ 1331, 1343, and 1367, as this matter involves issues of federal law along with the supplemental jurisdiction of the laws of the State of Illinois.

7. Venue is proper in the Northern Federal District of Illinois pursuant to 28 U.S.C. § 1391(b), as it is the judicial district in which the events or omissions giving rise to the claims occurred.

**Facts**

8. On December 31, 2019, at or near 4736 W. Van Buren Street in Chicago, IL, just before midnight, Defendant Defendants GOSS and HEIDEMANN participated in and conducted a traffic stop.

9. The traffic stop was conducted on a vehicle due to the allegations of having no front license plate, and that the occupants were not wearing their seatbelts.

10. Plaintiff was one (1) of four (4) occupants of this vehicle, and located in the rear passenger (right) side seat.

11. Per his written report, during this traffic stop, Sergeant GOSS allegedly observed the front seat passenger pass a dark object to the occupant located in the rear driver (left) side seat.

12. Officers pulled their duty firearms, aimed them toward the vehicle, and ordered the occupants out.

13. Plaintiff exited the vehicle and fled on foot, then was quickly detained.

14. Officer HEIDEMANN allegedly observed a dark-colored firearm on the rear driver (left) side floorboard.

15. This information was communicated to Sergeant GOSS.

16. As a result of this search and the observations of Defendants GOSS and HEIDEMANN, Plaintiff was arrested.

17. Defendants GOSS and HEIDEMANN attributed possession of an alleged firearm to Plaintiff with no evidence to support their assertions.

18. In his initial arrest and incident reports, Sergeant GOSS included the following information:

   a. Sergeant GOSS observed the front passenger pass a dark object to the occupant located in the rear driver (left) side seat.

   b. Sergeant GOSS placed Plaintiff as being the occupant located in the rear driver (left) side seat.

   c. Sergeant GOSS did not mention that Plaintiff was observed making any movements in the backseat.

19. The entirety of this incident was captured on Body-Worn Camera (BWC), the video from which Sergeant GOSS presumably reviewed prior to testifying at a Grand Jury hearing.

20. On February 25, 2020, Sergeant GOSS testified at a Grand Jury, when he testified under penalty of perjury as to the following:

   a. Sergeant GOSS testified that he observed the front passenger pass a dark object to the occupant located in the rear passenger (right) side seat.

    b.  Sergeant GOSS testified that Plaintiff was the occupant located in the rear passenger (right) side seat.

    c.  Sergeant GOSS testified that he observed Plaintiff making furtive movements, such as allegedly bending down toward the floorboard of the backseat.

    d.  Sergeant GOSS also testified that Plaintiff had not been issued a valid FOID at the time of the arrest.

21. As a result of this testimony and observations of Defendant Officers, Plaintiff was charged with:

    a.  <u>Count I</u>: Aggravated UUW/Loaded/No FCCA/FOID  in violation of 720 ILCS 5/24-1.6(a)(1) / (3)(A-5) / (3)(C)

    b.  <u>Count II</u>: Aggravated UUW/Vehicle/Loaded/No FCCA  in violation of 720 ILCS 5/24-1.6(a)(1) / (3)(A-5) / (3)(C), and

    c.  <u>Count III</u>: Aggravated UUW/Vehicle/No FOID in violation of 720 ILCS 5/24-1.6(a)(1) / (3)(A-5) / (3)(C).

22. On December 19, 2023, at a Motion to Suppress Hearing in Plaintiff's criminal matter, Sergeant GOSS provided testimony inconsistent with his testimony at the February 25, 2020, Grand Jury:

    a.  Sergeant GOSS testified that he observed the front passenger pass a dark object to the occupant located in the rear driver (left) side seat, and not to the occupant located in the rear passenger (right) side seat as he testified at the Grand Jury.

    b.  Sergeant GOSS testified that Plaintiff was the occupant located in the rear driver (left) side seat, and not the rear passenger (right) side seat as he testified at the Grand Jury.

c. Sergeant GOSS testified that he did not observe Plaintiff's hands, nor did he observe Plaintiff reaching down toward the floorboard of the backseat, despite testifying at the Grand Jury that he observed Plaintiff make these movements.

    i. Sergeant GOSS also testified that he did not include any observation that Plaintiff made "furtive movements" in his initial and supplemental written arrest reports because it was unnecessary to establish probable cause, despite memorializing this information closer in time and fresher in mind to the incident.

d. Sergeant GOSS also testified that his investigation revealed that Plaintiff was issued a valid FOIA at the time of the arrest, despite testifying as to the opposite at the Grand Jury.

    i. Plaintiff's FOID was valid from July 19, 2016 to March 18, 2020.

23. At the same Motion to Suppress Hearing, Sergeant GOSS admitted that there were numerous false or incorrect statements made during his Grand Jury testimony.

24. At this Motion to Suppress Hearing, Officer HEIDEMANN testified that his search of the vehicle was justified by statements made by Sergeant GOSS that Sergeant GOSS observed the occupants make furtive movements.

25. Officer HEIDEMANN also testified that he allegedly observed a firearm on the backseat floorboard of the rear passenger (left) side.

26. On December 19, 2023, Count I (Aggravated UUW/Loaded/No FCCA/FOID) and Count III (Aggravated UUW/Vehicle/No FOID) were dismissed against Plaintiff *nolle prosequi*.

27. On March 27, 2024, Plaintiff was found not guilty on Count II (Aggravated UUW/Vehicle/Loaded/No FCCA), resulting in all criminal proceedings against him being terminated.

28. In the present case, the indictment against Plaintiff was obtained by Sergeant GOSS providing false or fraudulent testimony to the Grand Jury, without which, the Grand Jury would not have found probable cause to indict Plaintiff.

29. The Grand Jury would not have found probable cause to indict Plaintiff if Sergeant GOSS had not provided false, fraudulent, or misleading information concerning Plaintiff's FOID status.

30. The Grand Jury would not have found probable cause to indict Plaintiff if Sergeant GOSS had properly informed its members of where a firearm may have been recovered in relation to Plaintiff's location.

31. The Grand Jury would not have found probable cause to indict Plaintiff if Sergeant GOSS had not introduced new evidence–alleged furtive movements–that were not in his original written report, in an attempt to pin possession of a firearm on Plaintiff.

### <u>Count I</u>
**Malicious Prosecution against Defendants Goss and Heidemann**
**Fourth and Fourteenth Amendments – U.S. Constitution; 42 U.S.C. §1983**

32. Defendant Officers and Defendant City, through its employees and agents, proceeded with and pursued the charges against Plaintiff knowing they were false and without probable cause.

33. Defendant Officers knew the charges they recommended to the State's Attorney's Office for approval were false and without probable cause.

34. Due to the false allegations of Defendant Officers, the false criminal charges against Plaintiff were approved.

35. Plaintiff retained multiple attorneys and defended the matter, incurring financial cost.

36. The actions of Defendant Officers and Defendant City were intentional, willful and malicious.

37. Counts I and III of Plaintiff's criminal indictment were resolved in Plaintiff's favor on December 19, 2023.

38. As a result of the actions of Defendant Officers and Defendant City, Plaintiff suffered violations of his Fourth and Fourteenth Amendment rights, as secured by 42 U.S.C. §1983, and recognized by the Supreme Court in the case of *Thompson v. Clark*, 142 S. Ct. 1332 (2022).

39. As a direct and proximate consequence of said conduct, Plaintiff suffered violations of his Constitutional rights, deprivation of liberty, and personal and financial injuries.

<u>**Count II**</u>
**Malicious Prosecution against Defendants Goss and Heidemann**
**Illinois State Law – 735 ILCS 5/13-202**

40. The actions of Defendant Officers constitute malicious prosecution under Illinois State Law.

41. Defendant Officers and Defendant City, through its employees and agents, proceeded with and pursued the charges against Plaintiff knowing they were false and without probable cause.

42. Defendant Officers knew the charges they recommended to the State's Attorney's Office for approval were false and without probable cause.

43. Due to the false allegations of Defendant Officers, the false criminal charges against Plaintiff were approved.

44. Plaintiff retained multiple attorneys and defended the matter, incurring financial cost.

45. The actions of Defendant Officers and Defendant City of Chicago were intentional, willful and malicious.

46. Count II of Plaintiff's criminal indictment was resolved in Plaintiff's favor on March 27, 2024.

47. As a direct and proximate consequence of said conduct, Plaintiff suffered violations of his Constitutional rights, deprivation of liberty, and personal and financial injuries, as secured by Illinois State Law (735 ILCS 5/13-202).

<u>**Count III**</u>
**Indemnification against Defendant City of Chicago for Federal Claim (Count I)**

48. Illinois law provides that public entities are directed to pay any tort judgment or settlement for compensatory damages for which their employees are liable within the scope of their employment and under color of law.

49. Defendant CITY is contractually obligated to pay judgment or settlement for damages for which its employees, Defendants GOSS and HEIDEMANN, are liable within the scope of their employment and under color of law.

50. Defendants GOSS and HEIDEMANN were employees of Defendant CITY, acting within the scope of their employment and under color of law.

51. Plaintiff suffered violations of his Constitutional rights, deprivation of liberty, and personal and financial injuries that were inflicted by Defendant Officers acting under color of law and employed by Defendant CITY.

**WHEREFORE**, should Defendants GOSS and HEIDEMANN be found liable of the acts or omissions alleged herein, Defendant CITY would be liable to pay Plaintiff any judgment or settlement obtained against them.

### Count IV
### *Respondeat Superior* against Defendant City of Chicago for State Law Claim (Count II)
### Illinois State Law 745 ILCS 10/9-102

52. Illinois State Law 745 ILCS 10/9-102 provides that local public entities such as Defendant CITY are responsible for paying judgment or settlement for which its employees, such as the Defendant Officers, may be liable for acts or omissions within the scope of their employment and under color of law.

53. Defendants GOSS and HEIDEMANN were employees of Defendant CITY, acting within the scope of their employment and under color of law.

54. Defendant CITY is liable as principal for all torts committed by its agents.

55. Plaintiff suffered violations of his Constitutional rights, deprivation of liberty, and personal and financial injuries that were inflicted by Defendant Officers acting under employment of Defendant CITY.

**WHEREFORE**, should Defendants GOSS and HEIDEMANN be found liable of the acts or omissions alleged herein, Defendant CITY would be liable to pay Plaintiff any judgment or settlement obtained against them.

### Prayer for Relief

56. As a result of the actions of Defendant Officers and Defendant City, Plaintiff suffered violations of his Fourth and Fourteenth Amendment rights, as secured by 42 U.S.C. §1983.

57. As a direct and proximate consequence of said conduct, Plaintiff suffered violations of his Constitutional rights, deprivation of liberty, and personal and financial injuries.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant him his prayer for judgment against Defendants in the form of the following relief: reasonable

compensatory and punitive damages, plus reasonable attorney's fees and costs, where recoverable.

**JURY DEMAND**

Plaintiff ANDREW MILLER hereby requests a trial by jury.

**Respectfully submitted,**

/s/ *Vincenzo B. Caporale*

/s/ *Cierra N. Norris*
On Behalf of Plaintiff

**Vincenzo B. Caporale, No. 6335651**
**C. Norris Law Group, LLC**
**900 W. Jackson Blvd., Suite 6E**
**Chicago, IL 60607**
**p. 312.625.6129**
**e. cierra@cnnorrislaw.com**
**e. vinnie@cnnorrislaw.com**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANDREW MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| **v.** | ) | |
| | ) | |
| **SERGEANT GOSS, Star No. 2393,** | ) | |
| **P.O. HEIDEMANN, Star No. 16394,** | ) | |
| **Individually, and the CITY OF** | ) | |
| **CHICAGO, a Municipal Corporation,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the **Plaintiff's Complaint at Law** was filed on March 26, 2025, with the Northern District of Illinois ECF System.

*/s/ Vincenzo B. Caporale*
On Behalf of Plaintiff

**Vincenzo B. Caporale, No. 6335651**
**C. Norris Law Group, LLC**
**900 W. Jackson Blvd., Suite 6E**
**Chicago, IL 60607**
**p. 312.625.6129**
**e. cierra@cnnorrislaw.com**
**e. vinnie@cnnorrislaw.com**